UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

M.C., o/b/o E.C., a minor,

                              Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                             Defendant.

-------------------------------------------------------------------- x

**ANSWER**

12 CV 9281 (CM)

        Defendant New York City Department of Education ("DOE"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

        2. Admits the allegations set forth in paragraph "2" of the Complaint.

        3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

        4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to lay venue in this judicial district as stated therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

5. Admits the allegations set forth in paragraph "5" of the Complaint, except denies knowledge or information sufficient to form a belief as to where E.C. resided at all times relevant to this matter.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the DOE has offices at 52 Chamber Street, New York, New York, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

7. Denies the allegations set forth in paragraph "7" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff filed a due process complaint dated November 20, 2009, and respectfully refers the Court to the Exhibit cited therein for a complete and accurate statement of its contents.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Ralph Pennington, Jr. Esq. served as the impartial hearing officer ("IHO") in case number 125353 and that the hearing was held on June 9, 2010 and September 21, 2010 at 131 Livingston Street, Brooklyn, New York, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that the IHO allowed the parties to submit written closing statements by November 5, 2010.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that the IHO issued a decision, and respectfully refers the Court to the statute and Exhibit cited therein for a complete and accurate statement of their provisions and contents.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that E.C. was attending a New York City public school at the time the hearing commenced, and affirmatively states that E.C. was thirteen years old as of the date the hearing commenced.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, and respectfully refers the Court to the Exhibit cited therein for a complete and accurate statement of its contents.

19. Denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers the Court to the Exhibit cited therein for a complete and accurate statement of its contents.

20. Denies the allegations set forth in paragraph "20" of the Complaint, and respectfully refers the Court to the Exhibit cited therein for a complete and accurate statement of its contents.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff's counsel made a demand for attorney's fees following the issuance of the IHO decision.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff's counsel provided the DOE with an eight page document titled "Clinic Time Report," resumes for five legal interns, an affirmation from Leah Hill dated April 12, 2011, and two documents titled "Agreement Between You and Lincoln Square Legal Services, Inc.," dated April 11, 2011, and November 9, 2009, respectively.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that plaintiff's counsel informed the DOE that it had eliminated certain billing entries from its demand, and respectfully refers the Court to the Exhibit cited therein for a complete and accurate statement of its contents.

24. Denies the allegations set forth in paragraph "24" of the Complaint, and respectfully refers the Court to the Exhibit cited therein for a complete and accurate statement of its contents.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

### AS AND FOR A FIRST DEFENSE

27. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

28. DOE has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York, or of any political subdivision thereof.

### AS AND FOR A THIRD DEFENSE

29. Plaintiff was not the prevailing party at the impartial hearing with respect to some or all of her claims, and, thus, is not entitled to attorneys' fees.

### AS AND FOR A FOURTH DEFENSE

30. Plaintiff has failed to provide sufficient documentation and information to support her request for attorneys' fees.

### AS AND FOR A FIFTH DEFENSE

31. The hours billed, rates charged, and expenses billed by plaintiff's attorney are excessive and not reasonable.

**WHEREFORE,** DOE requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             February 11, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendant*
100 Church Street, Room 2-164
New York, New York 10007
(212) 356-2624
eporter@law.nyc.gov

By:  _____s/_____
     ERIC PORTER
     Assistant Corporation Counsel

TO:  Leah Hill, Esq.
     Lincoln Square Legal Services
     *Attorney for Plaintiff*
     (by ECF)