UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

M.C. o/b/o E.C., a minor,                              12 CV 9281 (CM)(AJP)
                        Plaintiff,

        -against-                            STATEMENT OF MATERIAL
                                                           FACTS PURSUANT TO LOCAL
                                                            CIVIL RULES, RULE 56.1
Department of Education of the City of
New York,

                        Defendant.
------------------------------------------------------------x

       Plaintiff submits this statement of material facts as to which she contends there is no genuine issue to be tried.

## MATERIAL FACTS

1. M.C. is the parent and natural guardian of E.C., who, at the time M.C. sought legal assistance from Lincoln Square Legal Services ("LSLS"), was a student in the New York City public school system with multiple deficits in all academic areas.  **Hill Aff. ¶20; Exh. L ¶5, ¶15.**

2. LSLS represented M.C. on behalf of E.C., in all phases of the underlying due process proceeding and impartial hearing held pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA").  **Hill Aff. ¶1.**

3. LSLS is a charitable, not-for-profit organization established to implement Fordham's "in-house" or live-client clinical program, an experiential learning program for students who have completed at least two semesters of law school.  **Hill Aff. ¶3; Exh. L ¶9.**

4. M.C. was represented by several law student interns enrolled in the Family Advocacy Clinic, one of Fordham's in house clinics, implemented through LSLS.  They represented M.C. under the supervision of Professor Leah Hill, beginning in the fall of 2009, when a due process

1

complaint was filed, through the spring of 2011, when the impartial hearing decision was rendered. **Hill Aff. ¶8**.

5. On November 20, 2009, the law student interns filed a due process complaint on behalf of M.C., requesting an impartial hearing to challenge the appropriateness of E.C.'s classifications in 2007, 2008 and 2009, the adequacy of E.C.'s evaluations and development of his IEPs in 2007, 2008, and 2009, and the failure by the Department of Education ("DOE") to properly implement E.C.'s IEPs in 2008 and 2009. The due process complaint outlined the DOE's repeated procedural and substantive errors in evaluating and classifying E.C., and in developing and implementing appropriate IEPs for him. The due process complaint alleged that, collectively, these errors amounted to a denial of a FAPE. **Hill Aff. ¶23-34; Exh. N**.

6. M.C.'s impartial hearing was assigned to Impartial Hearing Officer ("IHO") Ralph Pennington, Esq. **Hill Aff. ¶27; Exh. L ¶11**.

7. As relief, M.C. requested comprehensive independent evaluations at public expense, and further that E.C.'s "current program and placement be reviewed, taking into account said independent evaluation." M.C. also requested compensatory education services to compensate E.C. for services, which the DOE never delivered to him. **Hill Aff. ¶25; Exhibit N**.

8. Two days of hearing were held on June 9, 2010 and September 21, 2010. **Hill Aff. ¶33, ¶36; Exh. O; Exh. Q**.

9. LSLS submitted a twenty-nine page closing statement to provide detailed analysis of the record and application of the relevant law to M.C.'s case. In the closing statement, LSLS amended the relief sought to request a Related Service Authorization ("RSA") in the form of 198 hours of speech and language therapy and 360 hours of individual reading and writing instruction to compensate E.C. for the services never delivered to him by the DOE. The closing statement

further requested that the Committee on Special Education ("CSE") reconvene to develop a new and appropriate IEP and defer to the Central Based Support Team ("CBST") to place E.C. in an appropriate nonpublic school setting. The closing statement specifically requested the School of Language and Communication Development ("SLCD"). **Hill Aff. ¶39; Exh. R**.

10. IHO Pennington issued his decision on January 4, 2011 with findings in favor of M.C. on all claims asserted. IHO Pennington found that a "gross violation of FAPE was committed by the DOE" for the 2008-2009 and the 2009-2010 school years. **Hill Aff. 41; Exh. S at 4**.

11. As M.C.'s complaint alleged, the IHO found that the "the record substantiates that the student has not been properly evaluated," "[IEPs dated March 17, 2006, March 17, 2007, and March 20, 2008] improperly classify with the non-existent classification of 'mentally deficient.' A category that does not exist under the IDEA or any applicable New York State Law provisions" and "the department has not only failed to provide FAPE to this student but failed to develop an appropriate IEP and properly classify this student over a number of years." **Exh. S at 4**. The IHO also found "that the IEP team of March 17, 2007 was not properly composed" and that the 2007 and 2008 IEPs "were developed without meaningful participation of a key CSE member, the parent." **Exh. S at 4-5**.

12. As M.C. requested, IHO Pennington ordered the DOE to fund and/or provide E.C. an RSA for additional services in the amount of 198 hours of speech and language therapy and 360 hours of private tutoring. He further ordered that the CSE reconvene within three weeks of his decision, with a properly constituted team, to consider all of E.C.'s evaluations, develop an appropriate IEP, and consider deferral to CBST in light of the proposed placement of SLCD. **Hill Aff. ¶41; Exh. L ¶20; Exh. S at 6 and "Pay Order."**

13. On April 11, 2011, M.C. signed authorization allowing LSLS to pursue and retain attorney's fees. **Hill Aff. ¶43; Exh. T**.

14. In a written demand, dated March 25, 2011, LSLS sought payment of reasonable attorneys' fees incurred for work performed while representing M.C. The demand was accompanied by documents required by the DOE, including chronological logs of contemporaneously maintained billing records, resumes of five legal interns for which LSLS charged, a copy of the Hearing Officer's Findings of Fact and Decision with attached Pay Order, a copy of the retainer agreement between LSLS and M.C., and a copy of a signed authorization by M.C. which permits LSLS to pursue and retain attorneys' fees. **Hill Aff. ¶45; Exh. L ¶21-22; Exh. U**.

LEAH A. HILL
LINCOLN SQUARE LEGAL SERVICES
Attorney for the Plaintiffs
33 West 60th Street, Third Floor
New York, New York 10023
P: 212-636-6934
F: 212-636-6923
lhill@lsls.fordham.edu